## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON M. JONES, | ) |
|        Plaintiff, | ) |
| v. | ) No. 1:23-cv-166-RWS |
| MISSOURI DEPT. OF PROBATION AND PAROLE, et al., | ) |
|        Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Jason M. Jones, a pretrial detainee at Pemiscot County Justice Center, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. For the reasons explained below, the Court will grant plaintiff's motion to proceed *in forma pauperis* and assess an initial partial filing fee of $1.00. Additionally, for the reasons explained below, the Court will dismiss this action for failure to state a claim and/or legal frivolity pursuant to 28 U.S.C. § 1915(e)(2).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.

*Id.*

Plaintiff did not submit a prison account statement with his motion for leave to commence this civil action without payment of the required filing fee. On October 4, 2023, the Court ordered him to submit such a statement. ECF No. 4. Plaintiff responded notifying the Court that the institution refuses to provide him with an account statement. ECF No. 6. Plaintiff will, therefore, be required to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## The Complaint

Self-represented plaintiff filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff names three defendants: (1) Missouri Department of Probation and Parole ("MDPP"); (2) Anne Precythe, the Director of Missouri Adult Institutions; and (3) Libby Banks, a Field Officer for MDPP. Plaintiff brings this action against defendant Precythe in her official capacity and defendant Banks in her individual capacity.

Plaintiff states he was arrested on December 26, 2021, and on December 29, 2021 he was interviewed by defendant Banks "in regards to a parole violation." *Id.* at 3. He claims she told him "there was enough evidence for her to issue a warrant since [he] was in custody with charges pending and to waive [his] preliminary hearing." *Id.* She later informed him that his parole had been revoked, although he had not received a notice of revocation from the Probation and Parole Board or a hearing. *Id.* at 4. Plaintiff complains he is being denied the options other pretrial

2

detainees are afforded due to his "probation revocation hold." *Id.*

For relief, plaintiff seeks "an injunction for the officer to lift the parole hold to allow [him] to make bond that the courts have set" or for the Court to direct the MDPP to schedule a parole revocation hearing. *Id.* at 5. He does not request monetary damages.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

3

1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

The Court has carefully reviewed plaintiff's complaint and has determined it must be dismissed for failure to state a claim and/or legal frivolity.

### A. Claim against defendant Missouri Department of Probation and Parole

First, plaintiff's claims against the Missouri Department of Probation and Parole are barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment's immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first

exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600.

In this case, plaintiff has named the Missouri Department of Probation and Parole as a defendant. This Department is an agency of the State of Missouri, meaning that it is protected from suit by the Eleventh Amendment's grant of sovereign immunity. This immunity bars suit for any type of relief, be it monetary or injunctive. Furthermore, no exceptions to sovereign immunity are applicable. As such, plaintiff's claims against the MDPP are legally frivolous and fail to state a claim upon which relief may be granted.

### B.  Claim against defendant Anne Precythe in her Official Capacity

Plaintiff sues defendant Precythe in her official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or

5

her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, defendant Precythe is alleged to be the "Director of Missouri Adult Institutions" or the Director of the Missouri Department of Corrections, meaning she is an employee of the State of Missouri. As such, the official capacity claim against her is actually a claim against the state itself, her employer.

Plaintiff seeks injunctive relief; however, he has not demonstrated the liability of the State of Missouri.[1] Such liability may attach if a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). At a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts supporting the proposition that the State of Missouri harmed him due to an unconstitutional policy, custom, or failure to train.

---

[1] To the extent plaintiff is seeking money damages, his official capacity claim is barred by the doctrine of sovereign immunity as previously discussed herein.

First, with regard to policy, plaintiff points to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [governmental entity's] governing body" as being at issue in this case. *See Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). He has not alleged any facts showing that the State of Missouri harmed him due to "a deliberate choice of a guiding principle or procedure made by the [governmental] official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

Second, as to custom, plaintiff has not demonstrated the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" State of Missouri employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such indifference. *See Johnson*, 725 F.3d at 828. Indeed, plaintiff's complaint involves his own personal experience, not a series of violations sufficient to constitute a pattern.

Third, and similarly, plaintiff has not shown that the State of Missouri was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, a plaintiff must prove that the state "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). As noted above, no such pattern is in evidence here.

For all these reasons, plaintiff has not adequately alleged the liability of the State of Missouri. As such, to the extent that plaintiff is seeking injunctive relief against defendant Precythe in her official capacity, the claim must be dismissed.

### C.  Claim against defendant Libby Banks in her Individual Capacity

Subsequent to his arrest, plaintiff states he was interviewed by defendant Banks, a field

officer for MDPP, in regards to an alleged parole violation. Plaintiff claims she told him there was enough evidence for her to issue a warrant, recommended he waive his preliminary hearing, and later informed him that parole had been revoked. Plaintiff complains his parole should not have been revoked because he did not receive a notice of revocation and was not afforded a hearing.

Plaintiff has not stated an individual capacity claim against defendant Banks. Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff asserts his parole was revoked without written notice and a hearing. However, he does not assert that defendant Banks personally revoked his parole. He only asserts that she notified him of the revocation. Further, even if she had advised him to waive his preliminary hearing regarding the pending criminal charges for which he was arrested, plaintiff does not explain how defendant Banks's actions qualifies as a constitutional violation. *See Livingston v. Missouri Dep't of Corr. Div. of Prob. & Parole*, No. 4:20-CV-1722-ACL, 2020 WL 7625156, at *3 (E.D. Mo. Dec. 18, 2020) ("matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude" and "because Missouri prisoners have no federally protected liberty interest in parole,

8

they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds"). *See also Moody v. Daggett*, 429 U.S. 78, 86-89 (1976) (an inmate is not entitled to a prompt hearing where the parole violation warrant is simply filed as a detainer at the institution of his confinement).

To the extent plaintiff can be understood to allege that defendant Banks violated a policy or procedure of the MDPP, or Missouri law, such a claim is also subject to dismissal. It is well established that "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). Because plaintiff does not have a liberty interest in a state official following state law, regulations, or procedures, he has not demonstrated a constitutional violation, which is required for a 42 U.S.C. § 1983 claim.

For these reasons, plaintiff has failed to state an individual capacity claim against defendant Banks.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of October, 2023.

                                                    RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE